IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROY C. and RACHEL C.,<br><br>Plaintiffs,<br><br>vs.<br><br>ATENA LIFE INSURANCE COMPANY, and KPMG LLP HEALTH AND WELFARE PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:17cv1216<br><br>Judge Dee Benson |

This matter is before the Court on the motion of Defendants Aetna Life Insurance Company ("Aetna") and KPMG LLP Health Plans (the "Plan"). Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants move the Court for judgment on the pleadings as to Plaintiffs' claim for benefits for treatment at Open Sky Wilderness Therapy ("Open Sky"). Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**BACKGROUND**

Plaintiff Roy C. was a participant in the KPMG LLP Health Plans (the "Plan"), a self-funded employee welfare benefit plan. (Compl. ¶2.) Plaintiff Rachel C. is the daughter of Roy C., and a beneficiary of the Plan. (*Id.*) Although the Plan "provides coverage for a wide range of medical expenses for the treatment of illness or injury," the Plan "does not provide benefits for all medical care." (Dkt. 15, Ex. A at 8.) The Plan states: "Not all medical expenses are covered under the plan. Exclusions and limitations apply to certain medical services, supplies, and expenses. Refer to *What the Plan Covers, Exclusions, Limitations* sections and *Schedule of Benefits* to determine if medical services are covered, excluded or limited." (*Id*. at 9.) Under the heading "Medical Plan Exclusions," the Plan further explains that "[n]ot every medical service or supply is covered by the plan, even if prescribed, recommended, or approved by your physician or dentist." (*Id*. at 47.)

Of particular relevance to the facts of this case, the Plan expressly excludes from coverage, within the specific section titled **Behavioral Health Services**, "[t]reatment in wilderness programs or similar programs." (*Id.* at 48.) Then, in the pages that follow, under an alphabetical listing of exclusions from coverage, the Plan contains another express exclusion for "[w]ilderness treatment programs (whether or not the program is part of a licensed residential treatment facility, or otherwise licenced institution), educational services, schooling or any such related or similar program, including therapeutic programs within a school setting." (*Id.* at 55.) Additionally, in the Plan's definition of **Residential Treatment Facility (Mental Disorders)**, the Plan expressly states that one of the conditions is that the facility "[i]s not a wilderness

treatment program (whether or not the program is part of a licensed **residential treatment facility**, or otherwise licensed institution), educational services, schooling or any such related or similar program, including therapeutic programs within a school setting." (*Id.* at 105, emphasis in original.)

Plaintiff Rachel C. received treatment at Open Sky from August 27, 2015 through November 17, 2015. Claims for benefits were submitted to Aetna for Rachel's treatment at Open Sky, and on January 21, 2016, Aetna denied coverage based on the Plan's specific exclusion for wilderness treatment programs. (Compl. ¶42.)

Roy appealed the denial and asserted under the Mental Health Parity and Addictions Equity Act (the "Parity Act"), that the Plan was required to provide coverage for residential treatment, and that the denial was in violation of the Parity Act. (Compl. ¶46.) Aetna upheld the denial, and Roy requested a level two appeal, again expressing his disagreement and arguing that the Parity Act mandated coverage of Rachel's treatment. (Compl. ¶48.) Aetna upheld the denial on the basis that the Plan does not cover treatment in a wilderness or similar program. (Compl. ¶51.)

On November 21, 2017, Plaintiffs filed the present lawsuit against Aetna and the Plan, asserting a claim for recovery of benefits[1] pursuant to 29 U.S.C. § 1132(a)(1)(B).

Thereafter, Defendants filed the present motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds that the Plan governing

---

[1] Plaintiffs' Complaint seeks recovery of benefits for treatment provided to Rachel at both Open Sky and Alpine Academy. (Compl. ¶70.) Defendants' motion seeks dismissal of only the Plaintiffs' claim for benefits for Rachel's treatment at Open Sky.

Plaintiffs' claim clearly and expressly excludes from coverage any "[t]reatment in wilderness programs or similar programs." (Dkt. 15 at 1.)

## DISCUSSION

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed . . . any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings filed by a defendant is examined by applying the same standard as a Rule 12(b)(6) motion. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Like a motion to dismiss, a Rule 12 (c) motion challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. *Id.* All well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In evaluating the motion for judgment on the pleadings, the court should evaluate the Complaint in its entirety, as well as documents referenced in or incorporated into the Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

1. Plaintiffs' Claim for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(b)

"The interpretation of an ERISA plan is governed by federal common law." *Fulghum v. Embarq Corp.*, 785 F.3d 395, 403 (10th Cir. 2015). "In deciding whether an ERISA employee welfare benefit plan provides for vested benefits, [courts] apply general principles of contract construction." *Id.* at 403. Accordingly, when interpreting plan terms, "the court examines the plan documents as a whole, and if they are unambiguous, construes them as a matter of law."

*Admin. Comm. Of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1123 (10th Cir. 2004).

Applying these principles, the court concludes that the Plan at issue in this case expressly and clearly excludes from coverage "[t]reatment in wilderness programs or similar programs" (Dkt. 15, Ex. A at 48), and therefore, Plaintiffs' claim for benefits for treatment at Open Sky Wilderness Therapy is expressly and clearly excluded from coverage.

Plaintiffs' argument that the treatment should not be excluded from coverage because the program is licensed in Colorado as a residential treatment facility is both unpersuasive and unavailing. As set forth in detail above, in the Plan's definition of "Residential Treatment Facility (Mental Disorders)," one of the conditions for coverage is that the facility "[i]s not a wilderness treatment program (*whether or not the program is part of a licenced **residential treatment facility**, or otherwise licensed institution*), educational services, schooling or any such related or similar program, including therapeutic programs within a school setting." (Dkt. 15, Ex. A at 105 (emphasis added).) Simply stated, the Plan's express definition of "residential treatment facility" explicitly states that it cannot include a wilderness treatment program.

2. Plaintiffs' Claim for Benefits Pursuant to the Parity Act

Additionally, Plaintiffs assert that the Mental Health Parity and Addiction Equity Act (the "Parity Act") requires coverage for Rachel's treatment at Open Sky. "Congress enacted the [Parity Act] to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,

821 F.3d 352, 356 (2d Cir. 2016). In sum, the Act requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits. *See* 29 U.S.C. § 1185(a)(3)(A)(ii). Because the Parity Act "targets limitations that discriminate against mental health and substance abuse treatments *in comparison to* medical or surgical treatments," to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services. *See Welp v. Cigna Health & Life Ins. Co.*, Slip Copy, 2017 WL 3263138, at *5 (S.D. Fla. July 20, 2017).

Having reviewed Plaintiffs' Complaint, Memorandum in Opposition and proposed Amended Complaint, the Court concludes that Plaintiffs have failed to allege facts sufficient to support a violation of the Parity Act. Specifically, Plaintiffs have failed to identify any language or provisions in the Plan that create any sort of disparity between medical and surgical treatment versus mental health and substance abuse treatment. More to the point, Plaintiffs have failed to sufficiently identify a comparison or analogue to wilderness treatment in the medical and surgical fields of treatment.

The Plan at issue in this case provides mental health services on both an inpatient and outpatient basis. It provides coverage for mental health services for hospitalization, residential treatment, partial hospitalization, and intensive outpatient treatment as required by the Parity Act. It simply does not provide coverage for wilderness treatment programs.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS Defendants' motion for judgment on the

pleadings and dismisses Plaintiffs' claim for treatment at Open Sky Wilderness Therapy with prejudice.[2]

DATED this 19th day of September, 2018.

_____
Dee Benson
United States District Judge

---

[2] Plaintiffs' request, set forth in fn.1 in the Memorandum in Opposition, for leave to file an Amended Complaint to include a separate cause of action for a violation of the Mental Health Parity and Addiction Equity Act is denied as moot. The Court fully considered and rejected Plaintiffs' MHPAEA claim on the merits and concludes that the amendment would be futile.